```
              UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                      Norfolk Division
```

JUAN CARLOS REYES (#1497307),

        Petitioner,

                              Civil Action No. 2:23-cv-301

v.

HAROLD W. CLARKE, Director,
Virginia Department of Corrections

        Respondent.

## REPORT AND RECOMMENDATION

Petitioner Juan Carlos Reyes ("Petitioner" or "Reyes"), a Virginia inmate currently incarcerated at Keene Mountain Correctional Center in Virginia, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging ineffective assistive of counsel and a violation of his due process rights. Petition (ECF No. 1, at 4-7). Respondent Harold W. Clarke ("Respondent") moves to dismiss the Petition, (ECF No. 7), arguing that the Petition is time-barred under 28 U.S.C. § 2244(d)(2). Because Reyes' Petition is time-barred, this Report recommends that the court GRANT Respondent's motion to dismiss, (ECF No. 7).

### I.   STATEMENT OF THE CASE

On July 29, 2015, Petitioner was convicted by final order in Loudoun County Circuit Court for malicious wounding by mob and aggravated malicious wounding. Petition (ECF No. 1, at 1).

He was sentenced to twenty-five years in prison. Id. Reyes appealed his conviction to the Court of Appeals of Virginia, arguing the trial court erred by (1) refusing to suppress the victim's out-of-court identification of Reyes; (2) preventing a co-defendant from testifying in his favor, allegedly violating his Sixth Amendment rights, and (3) in sentencing. Def.'s Br. Ex. 2 (8-2, at 9). The Virginia Court of Appeals granted in part the Petition for Appeal, and considered Reyes' second assignment of error: whether the trial court erred in preventing a co-defendant from testifying in Reyes' favor, thereby violating Reyes' Sixth Amendment right to call witnesses on his behalf. Id. at 47. On October 25, 2016, the Court of Appeals affirmed Reyes' convictions in a detailed written opinion. Reyes v. Commonwealth, 66 Va. App. 689, 791 S.E.2d 357 (2016); Def.'s Br. Ex. 3 (ECF No. 8-3, at 2, 17).

On November 30, 2016, the Court of Appeals denied Reyes' petition for a rehearing en banc. Petition (ECF No. 1, at 2); Def.'s Br. Ex 2 (ECF No. 8-2, at 671). Reyes had thirty (30) days from the denial to perfect an appeal to the Supreme Court of Virginia. Def.'s Br. Ex. 3 (ECF No. 8-3, at 2-3). Reyes, by and through counsel, failed to do so. Id.

Two years later, on July 31, 2018, Reyes, by counsel, filed a petition for a writ of habeas corpus in the Circuit Court of Loudoun County. Def.'s Br. (ECF No. 8, at ¶ 4); Def.'s Br. Ex.

2

3 State Petition for Writ of Habeas Corpus ("State Petition") (ECF No. 8-3, at 1-7). Reyes alleged that his appellate counsel failed to perfect an appeal to the Supreme Court of Virginia. State Petition (ECF No. 8-3, at 3). Reyes also stated that his prior counsel "made no mention" of his failure to appeal, "or of the possibility of seeking a delayed appeal." Id. at 4. Instead, according to Reyes, his appellate counsel told him that the Supreme Court denied his appeal on the merits. Id.

On June 6, 2022, the Circuit Court denied and dismissed the state petition, finding it time-barred under Virginia Code § 8.01-654(A)(2).[1] Def.'s Br. Ex. 4 Final Order Circuit Court of Loudoun County June 6, 2022 (ECF No. 8-4, at 1-5). The Court explained that it entered a final judgment on July 29, 2015, and Reyes' appeal became final on November 30, 2016. Id. at 2. Thus, Reyes had until November 30, 2017—one year from the date of the final disposition of his direct appeal—to file his petition for a writ of habeas corpus. Id. Reyes filed his petition on July 31, 2018—eight months late. Id. The Court noted that Virginia's habeas corpus statute of limitations does not contain tolling provisions, and thus Reyes' alleged

---

[1] Virginia Code § 8.01-654(A)(2) provides: "[a] habeas corpus petition attacking a criminal conviction or sentence shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code § 8.01-654(A)(2); see also Def.'s Br. Ex. 4 Final Order Circuit Court of Loudoun County June 6, 2022 (ECF No. 8-2, at 2).

3

ineffective counsel has no bearing on the statute's enforcement. Id.

Reyes appealed the decision to the Supreme Court of Virginia and argued that the Circuit Court erred in finding his petition time-barred. Def.'s Br. (ECF No. 8, at ¶ 6). The Supreme Court disagreed. Def.'s Br. Ex. 6 Supreme Court of Virginia Order Refusing Petition for Appeal (ECF No. 8-6). On December 16, 2022, the Supreme Court found no reversible error and refused Reyes' petition for appeal. Id.

On June 14, 2023, Reyes, by counsel, filed the present federal habeas petition in the Western District of Virginia, which was thereafter transferred to this Court. Transfer Order (ECF No. 2). Reyes' federal Petition asserts two claims: (1) he was deprived of his Sixth Amendment right to effective assistance of counsel because his appellate counsel was deceitful and failed to perfect a direct appeal to the Supreme Court of Virginia; and (2) the Virginia Supreme Court erred in affirming that his petition was time-barred because his counsel's actions caused the statute of limitation to expire and thus "the ends of justice exception [should] be extended ... to afford him a hearing on his petition." Petition (ECF No. 1, at 1—8). Respondent moves to dismiss the Petition, (ECF No. 7), arguing that the Petition is time-barred under 28 U.S.C. § 2244(d)(2).

## II. STANDARD OF REVIEW

A motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted) (discussing Fed. R. Civ. P. 12(b)(6)); see also Goard v. Crown Auto, Inc., 170 F. Supp. 3d 915, 917 (W.D. Va. 2016) (noting that a "motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim"). A complaint is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (cleaned up)). Factual allegations cannot require speculation or merely be conceivable. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. This inquiry is "context-specific." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009).

In considering a motion to dismiss, the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (citing Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Phillips v. LCI Int'l Inc.,

5

190 F.3d 609, 618 (4th Cir. 1999)). The court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)) (cleaned up).

### III. ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Reyes invokes his right to effective assistance of counsel and due process of law. But Reyes is time-barred from raising those claims now in federal court, and he offers no valid reason to excuse his untimely filing. This Report thus recommends the court GRANT Respondent's Motion to Dismiss, (ECF No. 8), and DISMISS Reyes' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), with prejudice.

**A. Reyes' Petition is Time-Barred.**

Under 28 U.S.C. § 2244(d)(1) a prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations, which runs from the latest of the date on which: (A) the judgement becomes final by the conclusion of direct review or the expiration of the time for

seeking such review; (B) any state-created barrier to filing a petition is removed; (C) the United States Supreme Court newly recognizes the right asserted; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D). If a petitioner declines to seek certiorari in the United States Supreme Court after exhausting all avenues of direct review in state court, the petitioner's judgment becomes final ninety days after final judgment, when the time for seeking Supreme Court review expires. Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012). The one-year limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

For purposes of federal habeas review, Reyes' appeal became final under 28 U.S.C § 2244(d)(1)(A) on December 30, 2016. Def.'s Br. (ECF No. 8, at 4). But, accepting Reyes' assertion that he learned about the factual predicate of his claim (his attorney's failure to perfect a direct appeal) on an unspecified day in May 2018, § 2244(d)(1)(D) applies and Reyes had one year from this discovery to seek an appeal. Thus, Reyes' federal habeas limitation period began to run in May, 2018 and expired one year later in May, 2019. Reyes filed his federal habeas

7

Petition on June 14, 2023—over four years late. Petition (ECF No. 1).

Reyes admits that his Petition is untimely but argues that the "statute of limitations does not apply because concealment of the facts regarding his appeal deprived [him] of the ability to file" a timely Petition. Petition (ECF No. 1, at 13). Reyes also contends that his Petition was "filed within one year of the final denial of the writ of habeas corpus within the Virginia state court system." Id. As explained below, Reyes in not entitled to equitable or statutory tolling based on either of these claims.

**B. Reyes Presented Insufficient Evidence to Warrant Equitable Tolling.**

Reyes' Petition—filed on June 14, 2023—is untimely under 28 U.S.C. § 2244(d)(1)(D). In exceptional cases, equitable tolling of the statute of limitations applies when a litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). The Fourth Circuit limits equitable tolling to those rare circumstances when impediments external to the petitioner's conduct prevent a timely filing. See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014).

8

Reyes did not meet his burden of proving the necessary grounds for equitable tolling. First, he did not establish that he diligently pursued his rights because he did not exercise "reasonable diligence." Holland v. Florida, 560 U.S. 631, 653, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). In Holland, the U.S. Supreme Court found that the petitioner met this prong because he "wrote his attorney numerous letters seeking crucial information" and also contacted various third parties over and over to have his attorney removed from his case. Id. By contrast, Reyes discovered the factual predicate for his claim—his attorney's failure to perfect an appeal to the Supreme Court of Virginia—in May 2018. But, he filed his federal habeas Petition on June 14, 2023, five years later. Reyes does not provide any explanation as to why he waited five years to file his Petition in federal court. See generally Petition (ECF No. 1). See Scott v. Clarke, No. 3:14CV134, 2014 U.S. Dist. LEXIS 165639, 2014 WL 6712678, at *4 (E.D. Va. Nov. 26, 2014) (finding that the petitioner did not demonstrate that "he acted with requisite diligence" when he waited nearly two years and seven months to file his federal habeas petition and "has not provided any specific facts relating to his efforts to pursue his § 2254 Petition during the one-year period" before the statute of limitations expired).

Reyes also did not allege the existence of extraordinary circumstances in connection with his federal habeas petition. Although he claimed that his attorney's actions were beyond his control and prevented him from timely filing his state habeas petition, Reyes did not explain why these, or any other circumstances would have delayed the filing of his federal petition beyond May, 2019. See Petition (ECF No. 1). For the purposes of equitable tolling, Reyes did not assert facts which could constitute extraordinary circumstances affecting the filing of his federal petition prior to the statutory due date. Id. Therefore, Reyes is not entitled to equitable tolling of the statute of limitations.

C. **Reyes is Not Entitled to Statutory Tolling.**

To promote exhaustion of state remedies, the federal habeas limitation period is tolled during "the time ... a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). But Reyes did not timely file his state habeas corpus petition, and thus is not entitled to any tolling during the pendency of his state petition under 28 U.S.C. § 2244(d)(2). See Petition (ECF No. 1, at 7). An untimely state habeas petition is not "properly filed" and does not toll the limitations period. Artuz v. Bennett, 531 U.S. 4, 8 (2000) (deciding that properly filed includes timely filing).

The Circuit Court denied and dismissed Reyes' state petition, finding it time-barred under Virginia Code § 8.01-654(A)(2). Def.'s Br. Ex. 4 Final Order Circuit Court of Loudoun County June 6, 2022 (ECF No. 8-4, at 1-5). On December 16, 2022, the Supreme Court of Virginia found no reversible error in the Circuit Court's decision and refused Reyes' petition for appeal. Def's Br. Ex. 6 Supreme Court of Virginia Order Refusing Petition for Appeal (ECF No. 8-6). Thus, Reyes' state habeas proceedings did not toll the federal statute of limitations.

### D. Reyes Presented Insufficient Evidence of Actual Innocence to Overcome the Time-Bar.

A petitioner may still overcome a time-bar if he or she makes "a convincing showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). The threshold requirement to prove actual innocence is high, and requires a petitioner to introduce new, reliable evidence sufficient to persuade the court that no reasonable juror would vote to find the petitioner guilty beyond a reasonable doubt. Id. at 386-87 (citing Schlup v. Delo, 513 U.S. 298, 329, 332, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).

Here, Reyes has not offered any new evidence of his innocence. Because Reyes does not introduce new evidence to

support a claim of actual innocence, he has not plausibly alleged any reason to excuse the time-bar.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, I conclude that Reyes' claims are time-barred and he has not presented grounds for equitable tolling or sufficient evidence of actual innocence to overcome the time-bar. Accordingly, I RECOMMEND that the Court GRANT Respondent's Motion to Dismiss, (ECF No. 7), and DISMISS Reyes' Petition under 28 U.S.C. § 2254, (ECF No. 1), with prejudice.

The Clerk is directed to provide an electronic copy of this Report to all counsel of record.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P.

12

72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

---

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November, 29 2023