UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JUAN CARLOS REYES,**

    **Petitioner,**

v.                        **CIVIL ACTION NO. 2:23cv301**

**HAROLD CLARKE, Director,
Department of Corrections,**

    **Respondent.**

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254 submitted by counsel for Petitioner Juan Carlos Reyes ("Reyes" or "Petitioner"), alleging ineffective assistance of counsel and violation of his due process rights related to his 2015 convictions in Loudon County Circuit Court.[1]

The petition was referred to a United States Magistrate Judge for Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation was filed November 29, 2023, finding Reyes' claims are time-barred and he has not presented sufficient evidence to excuse the late filing. The Report and Recommendation advised each party of his right to

---

[1] The petition was originally filed in the Western District of Virginia and transferred to the Eastern District by Order entered June 22, 2023.

object and the time limit for doing so.

On December 12, 2023, Petitioner's counsel filed an objection to the Report and Recommendation. ECF No. 10. The Respondent did not file any response to the objection, and the time for doing so has now expired. Petitioner's attorney-drafted objection argues that his prior counsel's misrepresentation regarding the status of an appeal should constitute grounds for equitably tolling the statute of limitations. Counsel cited Coleman v. Thompson, 501 U.S. 722 (1991), and Dwyer v. Clarke, No. 7:22cv00011, 2023 WL 2309796 (W.D. Va. March 1, 2023), for the proposition that Petitioner should be entitled to equitable tolling. ECF No. 10 at 7-9. The court does not find either case directly analogous given that Petitioner knew of his prior counsel's misrepresentations more than four years before filing for federal habeas relief.

The court, having reviewed the record and examined the objections filed by the Petitioner to the Magistrate Judge's Report and having made de novo findings with respect to the portion objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed November 29, 2023. It is therefore ORDERED that Respondent's Motion to Dismiss (ECF No. 7) is **GRANTED**, and Reyes' petition is hereby **DENIED** and **DISMISSED WITH PREJUDICE.**

Finding that the basis for dismissal of Petitioner's § 2254 petition is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within thirty (30) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is directed to provide an electronic copy of the Final Order to all counsel of record.

/s/ RBS
REBECCA BEACH SMITH,
SENIOR UNITED STATES DISTRICT JUDGE

January 23, 2024

3